IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BELINDA STARKS, o/b/o J.L.W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv539-WC |
| ) | [WO] |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Belinda Starks (Starks) applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* (2000), on behalf of her son, J.L.W. (the claimant), alleging that J.L.W. was disabled. Her application was denied at the initial administrative level. Starks then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (the Commissioner).[1] See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Plf.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES AND REMANDS the Commissioner's decision.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 1382c(a)(3)(C)(i), a person under the age of 18 is disabled (and hence entitled to disability benefits) if the person "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2] In determining whether a child is disabled, the Commissioner employs the following sequential evaluation process. See 20 C.F.R. § 416.924 (2007).

> (1) Is the person presently not engaged in substantial gainful activity?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing of Impairments"), and also meet the twelve-month duration requirement?[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] Part A of the Listing of Impairments applies to children and adults; Part B applies to children only. In dealing with a child's case, the Commissioner looks first to Part B, then to Part A. 20 C.F.R. § 416.925(b); Wilkinson v. Bowen, 847 F.2d 660, 661 (11th

If the answer to each of the three questions is "yes," then the child is entitled to benefits.

The standard of review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead, must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The Court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

### III. DISCUSSION

#### A. Introduction

The claimant was approximately 22-months old at the time of the hearing before

---

Cir. 1987).

3

the ALJ. Tr. at 212-13. Following the administrative hearing, the ALJ found the claimant had not engaged in substantial gainful activity during any part of the period under adjudication (Step 1). The ALJ then concluded the claimant had five severe impairments under Step 2: asthma, possible small hearing defect in right ear, gastroesophageal reflux disease (GERD), heart murmur, and thrush in oral cavity. Tr. at 18. Nonetheless, the ALJ concluded these impairments, while severe, did not meet or medically or functionally equal[4] in severity the criteria for any impairment in the Listing of Impairments, as the claimant did not have an "extreme" limitation in any areas of functioning or "marked" limitation in two areas of functioning. Consequently, the ALJ

---

[4]Functional equivalency means that the impairment is of "listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). A marked limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(2)(i). "It is the equivalent of the functioning [the Secretary] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." Id. The regulations state:

> If you are a child of any age (birth to the attainment of age 18), we will find that you have a "marked" limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score.

Id. § 416.926a(e)(2)(iii). An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(3)(i). It can be shown by a valid score on a standardized test that is three or more standard deviations below the mean. Id.

found the claimant was not disabled. Id. at 19.

### B. Starks's Claims

The claimant presents five issues for review: (1) whether substantial evidence supports the ALJ's decision at Step 3 that the claimant did not meet or equal any Listing of Impairments and, in particular, Listing § 103.03C2; (2) whether the ALJ misstated and relied upon the misstated testimony of the medical expert (ME) in reaching his Step 3 determination; (3) whether the ALJ properly evaluated the claimant's combination of impairments; (4) whether substantial evidence supports the ALJ's decision that the claimant's severe impairments did not functionally equal any listed impairment. See Plf.'s Mem. Law in Supp. of Plf.'s Arg. (Doc. #12). at 4-9 (Plf.'s Br.). The Commissioner claims the ALJ made proper determinations supported by evidence on the record as a whole. See Def.'s Mem. Supp. Commr's Decision (Doc. #15) at 4-9.

### C. Analysis

Turning to the first argument, the claimant challenges as unsupported by the record the ALJ's decision that the claimant did not meet or equal any Listing of Impairments. Specifically, the claimant argues the record "documents" his asthmatic impairment meets the requirements of Listing § 103.03C2, because the evidence shows "an absence of extended symptom[-]free periods requiring bronchodilators despite short courses of steroids averaging more than five days per month for at least three months during a twelve[-]month period." Plf.'s Br. (Doc. #12) at 4-5. Thus, the claimant argues the ALJ

did not properly evaluate his condition.

The Commissioner generally argues the ALJ properly determined the claimant's impairments did not meet or equal a Listed Impairment. With respect to Listing § 103.03C, the Commissioner concedes the claimant occasionally received prescriptions for corticosteroids to treat his asthma, but argues "there [i]s no evidence that his asthma was of such severity to meet or equal the listing such that he had persistent low grade wheezing <u>with</u> absences of extended symptom free periods." Def.'s Br. (Doc. #15) at 5.

The ALJ's discussion of this issue consists of four sentences. None addresses any specific listing, but rather generally concludes the claimant did not meet or equal any Listing.

> I must now determine whether the claimant's impairments result in "marked and severe" functional limitations. The first issue in this inquiry is whether the impairments, singularly or in combination, meet or medically equal in severity one set forth in the Listing of Impairments. No medical expert or treating or examining source has so concluded. In addition, I have reviewed the record and find that the evidence does not support such a conclusion.

Tr. at 16. In light of the generality of the ALJ's decision, it necessarily follows that the ALJ considered Listing § 103.03C in rendering his decision.

Section 103.03C of the Listing of Impairments provides, in relevant part, as follows: "Persistent low-grade wheezing between acute attacks <u>or</u> absence of extended symptoms-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with . . . .  2. Short courses of corticosteriods that average more than 5

days per month for at least 3 months during a 12-month period." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03C. The listing does not require "persistent low grade wheezing <u>with</u> absences of extended symptom free periods," as the Commissioner maintains. Nor does it require wheezing between acute attacks <u>if</u> the child instead has an absence of extended symptom free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with short course cortiosteroids that average more than five days per month for at least three months during a twelve month period. See Listing § 103.03C2.

The medical evidence reveals not only that the claimant was prescribed short periods of corticosteroids–as the Commissioner concedes–but also bronchodilators. Xopenex and Albuterol are bronchodilators. See Physicians' Desk Reference at 102, 212 (2008). The medical evidence shows the claimant received prescriptions for or reported taking either Xopenex or Albuterol as follows: December 2, 2004 (Xonpenex with Pulmicort), December 20, 2004 (Xonpenex),[5] December 21, 2004 (Xonpenex with Pulmicort), January 20, 2005 (Xopenex with Pulmicort), April 12, 2005 (Xopenex with Pulmicort), April 27, 2005 (Albuterol with Pulmicort), and July 6, 2006 (Albuterol). Tr. at 82, 90, 162-63, 172, 186-87, 193.[6] It is obvious from these records the claimant received prescriptions for and/or used a bronchodilator as well as corticosteroids for some

---

[5] The Court points out the emergency room record dated December 10, 2004, does not clearly identify the medications the claimant used on that date. It appears Albuterol may have been noted. Tr. at 103.

[6] Indeed, the record also reveals Starks testified to the claimant's use of a breathing machine at the hearing, and the ALJ noted this testimony in his decision. Tr. at 16, 214.

time in December 2004, January 2005, and April 2005, a three month period during a twelve month period. These records, however, do not indicate the frequency in which the claimant took both the bronchodilator and the corticosteriods. The Court has found only one place in the record providing some insight on this issue. Tr. at 90 (indicating the claimant was first prescribed Albuterol on July 6, 2006, and took the medication 4 times a day with three refills permitted before July 2007). Because this information is relevant to whether the claimant meets or equals Listing § 103.03C, the ALJ had a duty to "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" McCloud v. Barnhart, 166 F. App'x. at 417 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)); Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) ("It is well-established that the ALJ has a basic duty to develop a full and fair record."). In light of the ALJ's failure to do so, the Court cannot conclude his decision is supported by substantial evidence and must reverse and remand that determination for further consideration consistent with this opinion.

The claimant next argues the ALJ erred in misstating the ME's testimony and then relying on that misstated testimony in rendering his Step 3 decision. The Court agrees. Because the ALJ's Step 3 decision reportedly resulted from a review of the record and specifically points out "[n]o medical expert or treating or examining source has" found the claimant has met or equaled a listed impairment, the ALJ's decision relies on the ME's testimony as evidence in support of his ultimate conclusion. Tr. at 16. The ME,

however, did not make an affirmative finding that the claimant met or equaled any listed impairment. The ME <u>twice</u> testified, in response to questions concerning the claimant's condition and whether he met or equaled a listing: "I don't have enough information here to give him a listing." Tr. at 217 (repeating "No, no, I don't have enough information for him to meet or equal a listing"). This testimony cannot support the ALJ's decision. While it is true no other medical expert or consulting source affirmatively found the claimant met or equaled a listed impairment, the ME's actual testimony, when combined with the medical evidence discussed immediately above, further demonstrates the ALJ's decision that the claimant does not meet or equal a listed impairment (including § 103.03C) is unsupported by substantial evidence. On remand, the ALJ shall reconsider what effect the ME's <u>actual</u> testimony has on this decision.[7]

## IV.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion. A separate order will issue.

DONE this 18th day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7] In light of these findings, the Court need not reach the claimant's other arguments.